CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2018

LETTER TO COUNSEL

> RE:   *Gary Vincent Orangio v. Commissioner, Social Security Administration*;[1]
>        Civil No. SAG-17-1945

Dear Counsel:

On July 13, 2017, Plaintiff Gary Vincent Orangio petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income.[2]   [ECF No. 1].   I have considered the parties' cross-motions for summary judgment, and Mr. Orangio's reply.   [ECF Nos. 16, 22, 27].   I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016).   This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.   *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).   Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).   This letter explains my rationale.

Mr. Orangio filed his claim for benefits on September 27, 2013, and eventually amended his alleged onset date to June 1, 2014.   (Tr. 41-42, 251-59).   His claim was denied initially and on reconsideration.   (Tr. 150-53, 158-59).   After a continuance to allow Mr. Orangio to find counsel, a hearing was held on June 24, 2016, before an Administrative Law Judge ("ALJ").   (Tr. 38-90).   Following the hearing, the ALJ determined that Mr. Orangio was not disabled within the meaning of the Social Security Act during the relevant time frame.   (Tr. 21-32).   The Appeals Council ("AC") denied Mr. Orangio's request for further review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Orangio suffered from the severe impairments of "degenerative disc disease of the cervical spine; organic mental disorder; bipolar disorder; and anxiety disorder."   (Tr. 24).   Despite these impairments, the ALJ determined that Mr. Orangio would retain the residual functional capacity ("RFC") to:

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Mr. Orangio also applied, originally, for Disability Insurance Benefits, but withdrew that claim at his ALJ hearing. (Tr. 21).   Accordingly, this appeal pertains only to his claim for Supplemental Security Income.

perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift ten pounds frequently and 20 pounds occasionally. The claimant can stand/walk six hours in an eight-hour day. The claimant can sit six hours in an eight-hour day. The claimant can frequently climb rams [sic] and stairs and never climb ladders, ropes or scaffolds and occasionally crawl. The claimant is limited to frequent handling and fingering with the right upper extremity. The claimant must avoid concentrated exposure to vibration. The claimant is limited to simple, repetitive tasks and casual and infrequent contact with co-workers and supervisors in a non-public work setting.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Orangio could perform several jobs existing in the national economy and that, therefore, he was not disabled. (Tr. 31-32).

Mr. Orangio makes two arguments on appeal: (1) that the ALJ's analysis of Listing 1.04A was deficient; and (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree.

First, at step three, the ALJ determined that Mr. Orangio's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-25). His decision specifically addressed Listing 1.04A, among several others. *Id.* To meet Listing 1.04A, a claimant must have a disorder of the spine, resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A. In his decision, the ALJ simply stated:

In regards to listing 1.04 (disorders of the spine), there is no evidence of nerve root compression, which has resulted in motor loss (atrophy with associated muscle weakness) and sensory or reflex loss. There is no evidence of spinal arachnoiditis or lumbar spinal stenosis that has resulted in the inability to ambulate effectively.

(Tr. 24). An ALJ must identify the relevant listings and compare each of the criteria to the evidence of the claimant's symptoms when there is "ample evidence in the record to support a determination" that the claimant's impairments meet or equal a listing. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [] determine whether there was substantial evidence to support the ALJ's Step Three conclusion." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 522 (D. Md. 2002). In the instant case, because the ALJ apparently believed that the record contained ample evidence that Listing 1.04A might be met, he expressly identified that listing. (Tr. 24).

The remainder of the ALJ's analysis, however, is patently deficient. The ALJ did not cite any medical evidence to support his step three conclusions, and simply made conclusory assertions regarding the absence of evidence to support several of the relevant criteria. Mr. Orangio cites to medical evidence he believes establishes that each of the criteria was present, Pl. Mot. 12-15, and the SSA contends that the evidence supports the absence of some or all of the criteria. Def. Mot. 7-9. However, my role is to review the ALJ's analysis of the issue, not to conduct the analysis in the first instance. *See Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished) (emphasizing that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record"). Here, without any analysis from the ALJ to suggest whether or how he evaluated the medical record against the criteria of Listing 1.04A, I am unable to review whether the ALJ's conclusions were supported by substantial evidence.

Also, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security

regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Mr. Orangio had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 25). The analysis states:

> While the claimant's conditions would be expected to cause some limitations, the claimant preparing [sic] meals and doing laundry. He reported being able to go out alone and going shopping. Exhibit 7E. At the hearing, the claimant testified that he uses a cell phone to access the internet and text. He also testified that he watches television and uses a Playstation 3. Accordingly, the undersigned finds that the claimant has moderate difficulties in concentration, persistence, and pace.

*Id.* According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Mr. Orangio's case fails to fulfill these requirements. The SSA contends that this case is distinguishable from *Mascio* because the ALJ imposed limitations regarding contact with co-workers, supervisors, and the public in addition to the limitation to "simple and repetitive tasks." Def. Mot. 11-19. However, those restrictions, in most circumstances, address social functioning limitations and do not affect a claimant's ability to concentrate or sustain work. Here, the ALJ proffered no explanation as to how the limitations were designed to address Mr. Orangio's difficulties with concentration, persistence, or pace. Without further analysis, then, I am unable to ascertain whether the ALJ truly believed Mr. Orangio to have moderate difficulties in concentration, persistence, and pace, instead of more mild difficulties, and how those difficulties restrict his RFC to the limitations found by the ALJ. In light of these inadequacies, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Orangio is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not evaluate Mr. Orangio's remaining arguments regarding the adequacy of his RFC assessment and the function-by-function analysis contained therein. On remand, the ALJ should consider whether additional discussion would be necessary or appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 22) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge